IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL RAY KOENIG,

          Petitioner,

    v.

J. WOODLAND,

          Respondent.

Case No. 2:25-cv-01187-HZ

**OPINION AND ORDER**

Michael Ray Koenig
16109038
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon  97914

Dan Rayfield, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97310

**HERNÁNDEZ, District Judge**

Petitioner, an adult in custody at the Snake River Correctional Institution, brings this 28 U.S.C. § 2254 habeas corpus action challenging his 2018 Marion County convictions.  Because Petitioner failed to file this case within the applicable statute of limitations, the Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed.

**BACKGROUND**

On June 13, 2016, a Marion County grand jury indicted Petitioner in Case No. 16CR32285 on four counts of Rape in the First Degree, one count of Sodomy in the First Degree Constituting Domestic Violence, one count of Assault in the Second Degree, one count of Criminal Mistreatment in the First Degree, one count of Coercion Constituting Domestic

1 – OPINION AND ORDER

Violence, and one count of Assault in the Fourth Degree.  Respondent's Exhibit 104.  On January 19, 2017, in a case involving a different female victim, a Marion County grand jury indicted Petitioner in Case No. 17CR3465 on two counts of Rape in the First Degree and one count of Sodomy in the First Degree.  Respondent's Exhibit 105.

In May 2017, Petitioner proceeded to a bench trial on both indictments.  Respondent's Exhibits 108, 109.  The trial judge ultimately found Petitioner guilty on three counts of Rape in the First Degree, one count of Sodomy in the First Degree, and two counts of Assault in the Fourth Degree, and sentenced Petitioner to a total of 360 months of imprisonment.  Respondent's Exhibits 102, 103.  Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and on August 29, 2019, the Oregon Supreme Court denied review.  *State v. Koenig*, 296 Or. App. 490, *rev. denied*, 365 Or. 533 (2019).

On February 17, 2021, Petitioner filed a petition for state post-conviction relief ("PCR").  Respondent's Exhibit 119.  Following an evidentiary hearing, the PCR trial court denied relief.  Respondent's Exhibits 160, 161.  Petitioner appealed, but the Oregon Court of Appeals affirmed in an unpublished opinion.  *Koenig v. Miller*, 338 Or. App. 299 (2025).  On June 12, 2025, the Oregon Supreme Court denied review.  *Koenig v. Miller*, 373 Or. 738 (2025).

On July 8, 2025, Petitioner signed the Petition for Writ of Habeas Corpus filed in this action, alleging one claim for relief under *Brady v. Maryland*, 373 U.S. 83 (1963) and two claims of ineffective assistance of counsel.  Respondent asks the Court to dismiss the Petition because Petitioner did not initiate this case within the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases.  Petitioner was given the opportunity to file a brief in support of his petition addressing Respondent's assertion, but did not do so.

2 – OPINION AND ORDER

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. It provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners.  The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The period of direct review referenced in 28 U.S.C. 2244(d)(1)(A) also includes the 90-day period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not he actually files such a petition.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  If a litigant files a PCR action following the conclusion of his direct review, so long as the PCR case is "properly filed," the time during which it and subsequent PCR appeals remain pending "shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  State court direct or collateral review concludes as of the last date for seeking any further review in state court, not the date the appellate judgment issues. *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023).

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  A litigant

3 – OPINION AND ORDER

seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

In this case, the Oregon Supreme Court denied review on August 29, 2019, thereby concluding Petitioner's direct appeal in Oregon's state courts. However, the AEDPA's statute of limitations did not begin to run until November 27, 2019, the day after Petitioner's time to file for *certiorari* in the U.S. Supreme Court ended. The one-year statute of limitations ran unabated until Petitioner filed his state PCR Petition on February 17, 2021.[1] Thus, by the time Petitioner properly filed for collateral relief at the state level, 448 days had already elapsed.

The pending state PCR action tolled the AEDPA statute of limitations not only through June 12, 2025, but until the time for seeking reconsideration of that decision passed 14 days later. *See* Or. R. App. P. 9.25(1) (petitions for reconsideration of Oregon Supreme Court decisions may be filed within 14 days after the entry of the order to be challenged); *Melville*, 68 F.4th at 1160 (the petitioner's state post-conviction action was "pending" for § 2244's purposes until the petitioner "properly and timely" could have moved for reconsideration of Arizona Court of Appeals decision); *Cartwright v. Oregon Board of Parole and Post-Prison Supervision*, No. 3:22-cv-01510-AA, 2023 WL 6662450, at *1 (D. Or. Oct. 12, 2023) ("Recently, the Ninth Circuit held that a state application for post-conviction relief is no longer 'pending' when 'no

---

[1]     Because the State of Oregon does not follow the "prison mailbox rule," the filing date of the PCR Petition is the actual date of filing, not the date Petitioner signed the pleading. *See Baldeagle v. Lampert*, 185 Or. App. 326, 330-32 (2002).

4 – OPINION AND ORDER

other state avenues for relief remain open,' rather [than] the date on which the state court issues final judgment or mandate.") (quoting *Melville*, 68 F.4th at 1160-61).  As a result, the statutory tolling to which Petitioner was entitled by virtue of his pending state PCR action ended on June 26, 2025.  As noted above, Petitioner signed his Petition for Writ of Habeas Corpus on July 8, 2025, at which point 460 days of the limitation period had elapsed, missing the one-year statute of limitations by 95 days.

Petitioner's federal habeas petition is untimely.  Petitioner presents no evidence or argument to equitably toll the limitation period and, as such, the Petition must be dismissed as untimely.[2]

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed, with prejudice.  The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

March 25, 2026
_____
DATE

_____
Marco A. Hernndez
United States District Judge

---

[2]    In any event, even if Petitioner had timely filed his Petition, because he did not "fairly present" any of the claims alleged to the Oregon Supreme Court during the course of his direct appeal or state PCR proceedings, his claims are procedurally defaulted and would not entitle him to habeas corpus relief.  *See Rose v. Lundy*, 455 U.S. 509, 519 (1982) (requiring federal habeas petitioners to first raise their claims to the highest state court before presenting them in federal court).

5 – OPINION AND ORDER